787 F.2d 588
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM J. BURKHART, Petitioner-Appellant,
v.
ARNOLD R. JAGO, Respondent-Appellee.
 84-3322
 United States Court of Appeals, Sixth Circuit.
 3/4/86
 
 VACATED AND REMANDED
 S.D.Ohio
 ORDER
 BEFORE: JONES and NELSON, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 
 
 1
 This Ohio petitioner appeals from a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. Sec. 2254 for failure to exhaust his state court remedies as to all his asserted claims.
 
 
 2
 Petitioner was convicted in 1979 by a jury on one count of aggravated burglary and one count of attempted aggravated murder. He was sentenced to two concurrent terms of seven to twenty-five years' imprisonment. Petitioner sought to challenge his conviction on the basis of ineffective assistance of counsel arguing, inter alia, that counsel failed to file a timely notice of alibi required under Ohio law and otherwise failed to investigate, prepare and subpoena his alibi witnesses. Finding that petitioner had failed to assert the latter substantive reasons in support of his claim of ineffective assistance of counsel in his state court appellate briefs, the district court dismissed petitioner's habeas petition for failure to exhaust his state court remedies as to all his asserted claims pursuant to 28 U.S.C. Sec. 2254(b).
 
 
 3
 Contrary to the district court's finding, we conclude that the petitioner did clearly raise both procedural and substantive reasons to support his claim of ineffective assistance of counsel due to counsel's failure to properly assert his alibi defense. Although a copy of the petitioner's state court appellate brief was not filed in the district court, a copy of his memorandum filed in the Ohio Supreme Court was filed by the respondent in the district court; and, according to the respondent, this memorandum was identical in all material aspects to the petitioner's state court appellate brief. A review of the section of the memorandum regarding failure of counsel to assert petitioner's alibi defense reveals both procedural and substantive reasons and appropriate case law authorities supporting petitioner's claim that counsel rendered ineffective assistance by failing to file the notice of alibi, by failing to investigate his alibi defense, by failing to proffer his alibi defense and by failing to substantiate the alibi with additional witnesses. (Petitioner's memorandum, pp. 6-10). These allegations fairly presented petitioner's claim of ineffective assistance of counsel upon both procedural and substantive grounds to both state appellate courts and, hence, satisfied the exhaustion requirement of 28 U.S.C. Sec. 2254(b). Picard v. Conner, 404 U.S. 270, 275 (1971); cf. Butler v. Rose, 686 F.2d 1163, 1168 (6th Cir. 1982) (en banc).
 
 
 4
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, vacated and this cause is hereby remanded for further consideration. Rule 9(d)(4), Rules of the Sixth Circuit.